UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 04-414-KSF

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                                    **OPINION & ORDER**

ROBERT B. SHACKLETTE, *et al.*                                                              DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the plaintiff's motion for judgment [DE #46].

I.     **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

This is an income tax liability case brought against defendant Robert B. Shacklette (hereinafter "Shacklette") and a number of other entities, some of which the government asserts are nominees or alter egos of Shacklette (including the C.B. Shacklette Trust and Darlene E. Shacklette Trust). The government alleges in its complaint and amended complaint that Shacklette has failed to pay federal income tax liability totaling $554,161.95 for years 1992 through 2002. The government also alleges that during this time, Shacklette used his own funds to purchase certain properties in the name of other entities in an attempt to defraud the government.[1] As a result of his failure to pay his tax liability, the government placed federal tax liens on Shacklette's property and sought to foreclose on two of the alleged fraudulent transfers. The banks involved in several of the transactions filed cross-claims against Shacklette and other related entities, the Shacklettes (Robert and Darlene) filed cross-claims against the banks as well

---

[1] The government also names as defendants those who may have an interest in these properties.

as a counterclaim against the government for a determination that the tax liens against the two properties are not valid or enforceable.

In the report of their initial meeting, the parties asked the Court to hold the case in abeyance for 120 days to allow the parties to engage in settlement negotiations. Thereafter, the Court granted two additional 60-day stays of the proceedings at the parties' request. In another status report, the parties indicated they were still attempting to settle the matter and a Scheduling Order was entered in July of 2006, almost two years after the case had been filed. The motion for judgment followed.

**II.    MOTION FOR JUDGMENT**

    A.    **The Parties' Positions**

In the present motion, the government asks the Court to enter judgment in the amount of $554,161.95 plus statutory additions, asserting that the defendant does not contest the amount of the tax liability. In support, the government attaches a letter from defense counsel stating the following:

> In response to our previous telephone conversation, we have met with Dr. Shacklette, and he has authorized us to advise you that he is not contesting the amount of the tax liability. We hope to have a settlement proposal to you in the future.

(Ex. to Pl. Mot.) This is the plaintiff's motion in its entirety. The proposed judgment states that the government may recover from Shacklette $554,161.95 plus interest for unpaid federal income taxes for the years 1992 through 2002.

Defendants Shacklette (both individually and as Trustee of the C.B. Shacklette Trust and the Darlene E. Shacklette Trust) and Darlene Shacklette (apparently Shacklette's wife) filed a response in which they concede that Shacklette has admitted that he owes the tax liability for his personal income taxes as alleged in the government's motion. However, the defendants object to

having judgment entered until the trial is completed, as there is an issue in this case involving whether the government is legally entitled to collect any amount of Shacklette's tax liability from the real property that is the subject of Counts II and III (referred to as the "Quail Run Property" and the "Highland Avenue Property"). Shacklette is not the owner of these properties (each is owned by a Shacklette trust) and, thus, he objects to the government's ability to attach those properties to collect any judgment issued against Shacklette individually – this is the issue to be decided at the trial currently scheduled for September 25, 2007. Thus, despite the admission of the amount of the tax liability, entry of judgment would be improper.

The government replies that its motion only asks for entry of judgment on Count I – the tax liability count. Pursuant to Civil Rule 54, the Court may enter final judgment as to one or more but fewer than all the claims. The government argues that there is no just reason for delay, as the foreclosure issue is entirely separate from the liability issue and its resolution will have no effect upon the government's right to judgment on Count I. Thus, the foreclosure issue cannot serve as a basis to deny the government's motion for judgment.

In a supplemental response, the defendants assert that there is now a discrepancy as to the amount of taxes owed based upon a printout of Shacklette's tax liabilities recently provided to defense counsel by the government.[2] Thus, despite the earlier admission, the defendants apparently now contest the amount of the tax liability and, based on this, ask that the Court not enter judgment. Further, the defendants now argue (for the first time in the litigation, as far as the Court can discern, other than as a defense in the answer) that the government is time-barred

---

[2] It is unclear to the Court whether this printout was provided during discovery and whether the defendants requested it prior to admitting to the amount of the tax liability.

from collecting taxes for 1992, as the complaint was filed more than 10 years after the date of assessment.

    B.    <u>Discussion</u>

The government has not filed any additional "supplemental" pleading addressing the new issues raised by the defendants in their "supplemental response." Therefore, the Court does not have the benefit of its view on at least the following outstanding issues: (1) the alleged discrepancy in the tax liability amount and its effect on Shacklette's prior admission that the amount was correct; and (2) the question of whether the 1992 assessment is time-barred and whether the defendants waived that issue by not raising it in a timely fashion.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Based on the above, the Court must deny the plaintiff's motion. There are clearly factual – and perhaps legal – issues relating to all counts in the complaint and, thus, judgment cannot be entered at this time.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that the plaintiff's motion for judgment [DE #46] is DENIED.

This August 1, 2007.



**Signed By:**

<u>*Karl S. Forester*</u> *KSF*

**United States Senior Judge**