UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 04-414-KSF

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                                         **OPINION & ORDER**

ROBERT B. SHACKLETTE, *et al.*                                                              DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of defendants Robert B. Shacklette, individually and as trustee of the C.B. Shacklette Trust and the Darlene E. Shacklette Trust, and Darlene Shacklette (collectively referred to as "defendants") for partial summary judgment [DE #67].

I.      FACTUAL BACKGROUND & PROCEDURAL HISTORY

This is an income tax liability case brought against defendant Robert B. Shacklette (hereinafter "Shacklette") and a number of other entities, some of which the government asserts are nominees or alter egos of Shacklette (including the C.B. Shacklette Trust and Darlene E. Shacklette Trust). The government alleges in its complaint and amended complaint that Shacklette has failed to pay federal income tax liability totaling $554,161.95 for years 1992 through 2002. The government also alleges that during this time, Shacklette used his own funds to purchase certain properties in the name of other entities in an attempt to defraud the government.[1] As a result of his failure to pay his tax liability, the government placed federal tax

---

[1] The government also names as defendants those who may have an interest in these properties.

liens on certain property and sought to foreclose on two of the alleged fraudulent transfers. The banks involved in several of the transactions filed cross-claims against Shacklette and other related entities; the Shacklettes (Robert and Darlene) filed cross-claims against the banks as well as a counterclaim against the government for a determination that the tax liens against the two properties are not valid or enforceable.

In the report of their initial meeting, the parties asked the Court to hold the case in abeyance for 120 days to allow the parties to engage in settlement negotiations. Thereafter, the Court granted two additional 60-day stays of the proceedings at the parties' request. In a second status report, the parties indicated they were still attempting to settle the matter and a Scheduling Order was entered in July of 2006, almost two years after the case had been filed. A motion for judgment followed, which the Court denied.

Magistrate Judge James B. Todd held the pretrial conference of this matter, at which time the parties appeared to be preparing to try the matter. Judge Todd ordered the parties to file motions on two outstanding legal issues no later than ten days prior to the start of trial. Before that date, however, all parties filed a joint motion with the Court to continue all trial and pretrial deadlines because the parties believed they had reached a settlement. In order to accommodate the government's need for time to obtain the appropriate approval, the trial was continued to December 3, 2007, and all pretrial deadlines, including the deadline to file motions on the two outstanding legal issues, were continued to November 19, 2007. The parties were unable to finalize the settlement and the defendants' filed the present motion within the time set forth in the Court's latest scheduling order.

**II.     MOTION FOR PARTIAL SUMMARY JUDGMENT**

In the present motion, the defendants argue that the government is time barred from collecting past taxes, interest, and penalties for the tax year 1992. Pursuant to the Internal Revenue Code, "[w]here the assessment of any tax . . . has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun within 10 years after the assessment of the tax . . . ." 26 U.S.C.A. § 6502(a)(1). The assessment for the taxes owed for 1992 was made by the government on September 5, 1994, and the complaint in this matter was filed on September 7, 2004. The defendants argue that this was more than ten years after the date of assessment and, therefore, the government cannot proceed on any claim related to tax year 1992.

As noted in the government's response, this identical argument was raised by the identical defendants in the United States District Court for the Northern District of Florida at Panama City in an action to enforce the tax assessments against certain property located in that district. Judge Robert Smoak determined that the complaint filed herein was, in fact, timely under the Internal Revenue Code with respect to the 1992 assessment. Therefore, based on both the principles of issue preclusion[2] and for the reasons stated in Judge Smoak's opinion of September 26, 2007, in the matter of <u>United States v. Robert B. Shacklette, *et al.*</u>, Case No. 5:05cv231/RS/AK (N.D. Fla) (DE #74), the Court will deny the defendants' motion.

---

[2]     Issue preclusion "bars a party from re-litigating any issue actually litigated and finally decided in an earlier action." <u>Buis v. Elliott</u>, 142 S.W.3d 137, 140 (Ky. 2004). To the extent that Judge Smoak's decision, denying the defendants' motion for partial summary judgment, is not considered a final action, the Court further relies on the substantive analysis in Judge Smoak's opinion and adopts it as its own.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that the defendants' motion for partial summary judgment [DE #67] is DENIED.

This November 26, 2007.



Signed By:
*Karl S. Forester*  KSF
United States Senior Judge