UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 04-414-KSF

UNITED STATES OF AMERICA                                                                PLAINTIFF

V.                                          **OPINION & ORDER**

ROBERT B. SHACKLETTE, *et al.*                                                         DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the government's motion for partial summary judgment [DE #70].

This is an income tax liability case brought against defendant Robert B. Shacklette (hereinafter "Shacklette") and a number of other entities, some of which the government asserts are nominees or alter egos of Shacklette (including the C.B. Shacklette Trust and Darlene E. Shacklette Trust). The government alleges that Shacklette has failed to pay federal income tax for years 1992 through 2002. The government also alleges that during this time, Shacklette used his own funds to purchase certain properties in the name of other entities in an attempt to defraud the government.[1] As a result of his failure to pay his tax liability, the government placed federal tax liens on certain property and sought to foreclose on two of the alleged fraudulent transfers. The banks involved in several of the transactions filed cross-claims against Shacklette and other related entities; the Shacklettes (Robert and Darlene) filed cross-claims against the banks as well

---

[1] The government also names as defendants those who may have an interest in these properties.

as a counterclaim against the government for a determination that the tax liens against the two properties are not valid or enforceable.

In the report of their initial meeting, the parties asked the Court to hold the case in abeyance for 120 days to allow the parties to engage in settlement negotiations. Thereafter, the Court granted two additional 60-day stays of the proceedings at the parties' request. In a second status report, the parties indicated they were still attempting to settle the matter and a Scheduling Order was entered in July of 2006, almost two years after the case had been filed. A motion for judgment followed, which the Court denied.

Magistrate Judge James B. Todd held the pretrial conference of this matter, at which time the parties appeared to be preparing to try the matter. Judge Todd ordered the parties to file motions on two outstanding legal issues no later than ten days prior to the start of trial. Before that date, however, all parties filed a joint motion with the Court to continue all trial and pretrial deadlines because the parties believed they had reached a settlement. In order to accommodate the government's need for time to obtain the appropriate approval, the trial was continued to December 3, 2007, and all pretrial deadlines, including the deadline to file motions on the two outstanding legal issues, were continued to November 19, 2007.

The parties were unable to finalize the settlement and the government filed the present motion on November 20, 2007. Therein, the government asks the Court to enter judgment in its favor against Shacklette for unpaid federal income taxes, penalties, and interest for the years 1992 through 2002, in the amount of $723,838.22, plus interest. In support, the government argues that its certified transcripts of Shacklette's accounts for these years is presumptively correct and establishes prima facie proof of tax liability. Shacklette's only defense – that the

1992 taxes are uncollectible because the government's claim thereon is time-barred – must be rejected and, therefore, the government is entitled to judgment.

This is essentially the same motion the government filed in June of 2007. At that time, Shacklette contested the amount of the tax liability. While the legal issue raised by Shacklette has been resolved by separate order, the factual issue related to the complaint has not. The government's certified transcripts provide a presumption, but it is a presumption which the defendant may attempt to rebut at trial. More importantly, the issues raised in this motion should have – and clearly could have – been raised within the time for dispositive motions set by the Court's earlier scheduling orders. The deadlines established by Magistrate Judge James B. Todd at the pretrial conference of this matter permitted filing of motions relating to two outstanding legal issues, neither of which is addressed in the present motion. Therefore, the Court will deny the motion as untimely.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that the government's motion for partial summary judgment [DE #70] is DENIED.

This November 26, 2007.



**Signed By:**

*Karl S. Forester* KSF
**United States Senior Judge**